Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.

250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212)300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

YESH MUSIC, LLC,

                Plaintiff,

      v.

GRAVITEC SYSTEMS, INC.,

                Defendant,
-----------------------------------------------------------------x

Index No.: 17-cv-4687

**COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff YESH MUSIC, LLC, by and through its attorneys at GARBARINI FITZGERALD P.C., brings this Complaint and Jury Demand against defendant GRAVITEC SYSTEMS, INC., based on its intentional infringement of plaintiff's copyrighted musical work: "*Signaling Through the Flames*" U.S. Copyright Registration SR 713-287 (the "Copyrighted Composition"), pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act" or "Act").

## PARTIES

1.    At all times material hereto, plaintiff Yesh Music, LLC ("YESH") was, and is, a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in the business of music publishing and otherwise commercially exploiting its copyrighted sound recordings which

originate from the band *The American Dollar*. The sole members of plaintiff are Richard Cupolo and John Emanuele; the artists in *The American Dollar*.

2. A copy of the certificate issued by the U.S. Copyright Office to plaintiff for "*Anything You Synthesize*" and the assignment of same which were registered with the U.S. Copyright Office are annexed and incorporated hereto as **Exhibit 1.**

3. Plaintiff is informed and believes, defendant GRAVITEC SYSTEMS, INC. is a Washington corporation with a primary headquarters located at 21291 Urdahl Rd NW, Poulsbo, WA 98370. GRAVITEC created at least six advertisements synchronizing the Copyrighted Composition without license or authority, and posted them to various websites like YouTube and Vimeo (the "Subject Advertisements")

## **JURISDICTION**

4. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.). This action is a civil action over which this court has original jurisdiction.

**Personal Jurisdiction - CPLR § 302(a)(1)**

5. This Court has personal jurisdiction pursuant to CPLR § 302(a)(1).

6. GRAVITEC regularly solicits business in this Judicial District.

7. GRAVITEC advertises itself as providing equipment, training, engineering, and testing "from California you New York".

8. Defendant contracts with New York on a regular basis.

9. Being that defendant transacts business within the state or contracts anywhere to supply goods or services in the state – this Court has jurisdiction pursuant to CPLR § 302 (a)(1).

**This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)**

10. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

11. GRAVITEC synchronized, reproduced, and distributed the Subject Advertisements through various websites like YouTube and Vimeo. This is a tort (copyright infringement) committed without the state.

12. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District.

13. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

14. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).

15. YouTube placed plaintiff's name on each of the Subject Advertisements, and therefore expected or should have reasonably expected its acts to have consequences in New York State and defendant derives substantial revenue from interstate or international commerce.

16. Defendant was expressly told there was no license for any use in July 2016. Defendant ignored the notice and created new videos synchronizing plaintiff's copyrighted composition. Defendant knew its acts would have consequences in this Judicial District.

17. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## VENUE

18. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

19. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

20. Plaintiff's copyrighted recordings were registered prior to the alleged infringement, and satisfy the registration prerequisite under 17 U.S.C. 412(c).

## FACTS

21. Defendant GRAVITEC provides safety equipment, training, engineering, and testing "from California you New York".

22. Defendant created six advertisements synchronizing the Copyrighted Composition knowing it did not have a license.

23. Plaintiff's copyrighted recordings runs the length of each advertisements.

24. Defendant had no license or permission for any use of the copyrighted recording.

25. Plaintiff discovered the infringements in July 2016, and immediately notified defendant. See **Exhibit 2**.

26. Defendant elected to ignore the notice and continue to infringe. In fact, it created new advertisements after the notice.

27. Defendant admitted in a telephone conversation that it was not aware where it got the Copyrighted Composition.

28. Defendants falsely claimed it was granted a YouTube license; it was not. The Subject Advertisements were also distributed through www.Vimeo.com and wwwInstagram.com, meaning any YouTube license is irrelevant.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

29. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

30. Defendant has, without a synchronization, or any other, license synchronized plaintiff's copyrighted recordings "*Signaling Through the Flames*", to at least six separate advertisements.

31. Defendant, without license or authority, reproduced and distributed the Subject Advertisements.

32. It cannot be disputed plaintiff has a valid, registered copyright, for each recording, and that defendant has synchronized, reproduced, and distributed plaintiff's copyrighted recordings without a license, thus infringing plaintiff's rights under the Copyright Act.

33. Irreparable injury is presumed here as plaintiff has established a prima facie case of copyright infringement.

34. Even after defendant was put on notice of the infringement by email one year before the date before this action was filed; it elected to continue to synchronize, reproduce, distribute, and publicly perform plaintiff's copyrighted recordings.  In fact, it created videos after notice synchronizing the Copyrighted Composition.

35. The synchronization, reproduction, and/or distribution, of the copyrighted recordings was clearly intentional within the meaning of 17 U.S.C. § 504(c)(2) for the purposes of enhancing statutory damages.

36. Defendant's knowledge may be inferred from their conduct as well as their reckless disregard of plaintiff's rights (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

37. As a direct and proximate result of defendant's infringement, plaintiff has incurred actual damages in the form of licensing fees, and the forced association with plaintiff despite the fact that plaintiff has licensing deals with other shoe companies.

38. Plaintiff may recover its actual damages, and defendant's profit to be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

39. Plaintiff also seeks its attorneys' fees and costs, as well as pre-post judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court enter an order awarding plaintiff:

1) restitution of defendant's unlawful proceeds, including defendant's gross profits;

2) compensatory damages to plaintiff in an amount to be ascertained at trial;

3) one statutory damage award infringed, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), and 504(c)(2)) at plaintiff's election;

4) plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

5) pre- and post-judgment interest to the extent allowable; and,

6) such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 9, 2017

                                              **GARBARINI FITZGERALD P.C.**

                                              By: _____
                                                Richard M. Garbarini (RG 5496)